

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

February 14, 2025

> Cobb's time to respond to the Complaint is adjourned on consent to March 19, 2025. The February 24 conference is adjourned to March 24, 2025 at 10:30 a.m.
> Call-In: 1-855-244-8681;
> Access Code: 2305 810 3970#.
> SO ORDERED.
> 2/18/2025
>
> *P. Kevin Castel*
> P. Kevin Castel
> United States District Judge

**VIA ECF**

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *SEC v. Cobb*, 24 Civ. 9494 (PKC)

Dear Judge Castel:

Plaintiff Securities and Exchange Commission (the "SEC"), pursuant to the Court's order dated December 19, 2024 (Dkt. No. 8, the "Order"), respectfully requests that the Court adjourn the initial pretrial conference, presently scheduled for February 24, 2025, for a period of 30 days, because as discussed below, despite the SEC's repeated attempts to communicate with Defendant Eric Cobb ("Cobb") since the SEC filed the Complaint on December 12, 2024, Cobb did not contact the SEC until today. Cobb has now advised that he will be attempting to obtain the assistance of *pro bono* counsel, and has also requested a 30-day adjournment of his time to Answer the Complaint, to which the SEC consents. In view of the foregoing, the parties have not had an opportunity to meaningfully confer pursuant to Federal Rule of Civil Procedure ("Rule") 26(f), and the requested adjournment would afford the parties the opportunity to do so. The SEC has not previously requested any adjournments in this case, and Cobb consents to this request.

In the alternative, should the Court determine to proceed with the February 24 conference, the SEC is emailing to the Court today a proposed Case Management Plan and Scheduling Order (the "Plan"), to which Cobb has consented.

### Description of the Case

The SEC's Complaint (Dkt. No. 1, the "Cmplt.") alleges that Cobb, a former investment adviser representative, violated the anti-fraud provisions of the securities laws by engaging in a long-running and fraudulent trade allocation scheme—commonly referred to as "cherry-picking"—from at least approximately January 2019, and continuing to at least mid-April 2022 (the "Relevant Period"). The Complaint alleges Cobb obtained approximately $170,000 in unlawful profits, and generated approximately $188,000 in aggregate losses for his clients. Cmplt. ¶ 1.

The Hon. P. Kevin Castel
February 14, 2025
Page 2

Cobb carried out this scheme by engaging in frequent "block trading"—placing securities trade orders in one aggregated account, rather than directly in specific client accounts —and then waiting at least one day after the trades were executed before allocating them between his client accounts on the one hand, and accounts held by him and his wife on the other hand. Cobb thus was able to see whether the price of the securities he traded rose or fell after the trades were executed, and then disproportionately assigned the profitable trades to his account, and unprofitable trades to his clients' accounts. *Id.* ¶¶ 2-4.

The Complaint also alleges Cobb concentrated his trading for his and his clients' accounts in volatile securities such as leveraged exchange-traded funds based on volatile commodities, whose rapid and large price movements gave him the opportunity to grab quick profits and avoid large losses for his accounts by waiting a day to allocate his trades. His speculative investment strategy was unsuitable and against the best interests of certain of his clients, in violation of his fiduciary duties to his clients, who lost substantial amounts of the funds they had entrusted to Cobb during the Relevant Period. *Id.* ¶¶ 5-6.

**SEC's Service of the Summons and Complaint and Efforts to Confer With Cobb**

On December 12, 2024, I emailed a courtesy copy of the Complaint filed that day to counsel who had represented Cobb in the SEC's pre-filing investigation, and asked him to advise whether Cobb would agree to waive service pursuant to Rule 4(d).[1] Counsel advised he would reach out to Cobb and let me know, but by December 20, after I followed up with counsel, he still could not confirm whether Cobb would waive service, nor had counsel appeared in this action. That day, I sent the Complaint, the forms required for waiver of service pursuant to Rule 4(d), and the Order directly to Cobb by UPS, to the address at which he was served in the Subpoena Enforcement Proceeding. That same day, I also emailed these materials to Cobb's counsel, and asked him to convey the Order to Cobb as well.

From that date and continuing into this week, I made repeated efforts to communicate with Cobb by email and telephone, first, to find out if he would waive service and then, after he was personally served on January 24, to confer with him pursuant to Rule 26(f) and the Order. These efforts included an email to him on February 10, which attached a prior version of the Plan. I did not hear from Cobb, however, until today, at which time, as noted above, Cobb told me he would attempt to obtain *pro bono* counsel. He also told me he would seek a 30-day adjournment of his time to file an Answer, and that he consented to the proposed Plan, which extends the proposed deadlines of the prior plan I had sent him by approximately 30 days, in

---

[1] During the SEC's investigation, Cobb failed and refused for nearly a year to respond to or comply with an investigative subpoena directing the production of documents and his appearance for investigative testimony. Cmplt. ¶ 22. The SEC commenced a subpoena enforcement proceeding against him on April 9, 2024, *SEC v. Cobb*, 24 Misc. 173 (VEC) (the "Subpoena Enforcement Proceeding"). Cmplt. ¶ 23. Cobb failed to respond, and Judge Caproni issued an order on May 7, 2024, directing him to comply with the Commission's subpoena. Subpoena Enforcement Proceeding, Dkt. No. 16. Cobb then produced documents and appeared with counsel at the SEC's New York office for investigative testimony. *Id.* ¶¶ 24-25.

The Hon. P. Kevin Castel
February 14, 2025
Page 3

view of his intention to seek an adjournment. I told Cobb the SEC would consent to his adjournment request, and also gave him the telephone number for the *pro se* Clerk's office. I understand Cobb has now communicated his adjournment request to the *pro se* Clerk's office.

### The Court Should Adjourn the Initial Pretrial Conference
### Or In The Alternative, Adopt the Proposed Case Management Plan

In view of Cobb's failure to communicate with the SEC until today, and Cobb's representation that he would be attempting to obtain the assistance of *pro bono* counsel, an initial pretrial conference on February 24 or the entry of a Case Management Plan on that date is unlikely to be productive or meaningful. For that reason, the SEC respectfully requests that the Court adjourn the initial pretrial conference date for a period of approximately 30 days, so that the parties can meaningfully confer pursuant to Rule 26(f).

In the alternative, if the Court determines the February 24 conference should proceed, the SEC is emailing to the Court today the proposed Plan, to which Cobb has consented. The proposed Plan requests a fact discovery cutoff of September 30, 2025, and an expert discovery cutoff of November 30, 2025. These proposed deadlines are approximately 30 days longer than the ones the SEC proposed to Cobb earlier this week, and take into account the adjournment of the Answer date Cobb has requested.

The SEC respectfully submits these discovery periods are required because of the complexity of this case, which involves several years of trading data, likely discovery from the broker-dealer that executed Cobb's trades, a number of out-of-state potential witnesses, and analysis of account statements from more than three dozen of Cobb's client accounts. In addition, the SEC at present contemplates identifying at least two expert witnesses, requiring additional time to complete expert discovery beyond the Court's guideline.

> Respectfully submitted,
> /s/ Richard G. Primoff
> Richard G. Primoff
> Senior Trial Counsel

cc: *Pro Se* Defendant Eric M. Cobb (Email)